Curia, per

Earle, J.
The rale in England in regard to the joinder of offences is, that a felony cannot be joined with a misdemeanor, in the same indictment, The reason which is assigned for this, that the defendant would thereby lose the benefit of having a copy of the indictment, a special jury, and of making his full defence by counsel, has no application at all in this country ; on the contrary, the defendant wmulcl gain by being indicted for felony, as he would have the right of challenge, in addition to the other privileges, which are equally secured to all defendants, in criminal prosecutions. From analogy to the rule of pleading in civil actions, I suppose that whenever the same plea may be pleaded, and the same judgment given, the offences may be joined. No doubt two felonies may be joined, so far as regards the objection in point of law, as matter of form. And so of several misdemeanors. (3 T. II. 98.) And by the English practice, larceny and receiving stolen goods may be *125 joined, 1 Cr. Ca. 234. But here the receiving is charged as a felony. A case is cited by Mr. Riee, in his Digest, tit. Indietment, 52, State vs. Smith, MSS. where it is said there is a repugnancy in charging a felony in one count and a misdemeanor in another, which would be fatal. But, if fatal at all, I suppose it would be so on demurrer, or in arrest of judgment; and yet the judgment there was not arrested, although the defendant was convicted only of the receiving. Since the Act of 1829, subjecting the receiver to the punishment of whipping, and that of 1834, imposing the same punishment for grand larceny, the Act of 1833 having abolished branding. I can perceive no greater incongruity or repug-nancy in joining larceny and receiving stolen goods, in the indictment, than there is in joining any other distinct offences, where *the same judgment must be accorded. It is true, the offences are technically of different natures. One is a felony, and the other a misdemeanor. A second conviction of the former would be capital ; but as the formality of praying the benefit of the clergy on the first conviction, is wholly dispensed with, and the punishment of whipping is peremptorily substituted for branding, whether clergy be prayed or not, the offences are so far assimilated, that the technical objection which prevails in England, to their being joined, does not exist here.
See State vs. Posey, 7 Rich. 485 ; Chivis, 105 ; 3 Hill, 1.
We differ, therefore, with the Circuit Court, in the reason given for quashing the indictment, that the counts cannot legally be joined. We think that they may be joined, but leave it to the direction of the presiding Judge, in all cases, so to regulate the trial that the party shall not be prejudiced by the joinders. As other indictments have been given out and found, we do not consider it material to make any order.
O’Neall, Evans, and Butler, JJ., concurred, Gantt, J., dissented.